RECEIVED

APR 1 3 2022

U.S. DISTRICT COURT
DISTRICT OF R.I.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RODNEY M. PATTON,  )
    Plaintiff,  )
            )
            )
v.  )   C.A. No. 22-cv-109WES
            )
DAVOL, INC. and C.R. BARD, INC.,  )
    Defendants.  )

## AMENDED COMPLAINT

Now Comes the Plaintiff Rodney M. Patton, pro'se, to file with this Honorable Court an Amended Complaint pursuant to Court order.

The Plaintiff Rodney M. Patton received a Hernia Operation in April of 2005 at Provena Mercy Medical Center in Aurora, Illinois. The Plaintiff Rodney M. Patton was inplanted with an extra large plug REF #0112780 - LOT #43HPD157 a product that was designed and manufactured by the Defendants DAVOL/BARD.

The Plaintiff had "NO" knowledge at the time that the Defendants product would cause my Hernia to recure, but the Defendants DAVOL/BARD knew and had knowledge that their Hernia Mesh product was unsafe. The Defendants DAVOL/BARD failed to implement a safe and effective mesh.

As a result of the Defendants DAVOL/BARD actions, the Plaintiff Rodney M. Patton suffered in pain for seven months because the Defendants failed to disclose the facts stated here within. The Plaintiffs second surgery was in November of 2005.

The Defendants DAVOL/BARD actions were fraudulent and that they intentionally with-held that they knew that their product was defective to the Doctor/Hospital that preformed my surgery. The Defendants continued to sell their product and concealed the fact that they had knowledge, and to warn against use, or to recall the Mesh product line. The Defendants DAVOL/BARD continued to sell their product with knowledge that they were defrauding and concealing that their Mesh was being sold in a defective condition.

The Defendants DAVOL/BARD acts and conduct were to remain silent, when they had knowledge that their product was inherently dangerous to the PUBLIC as a whole, the Defendants DAVOL/BARD had a duty to inform my Doctor/Hospital and me of their product risk to fail.

The Defendants DAVOL/BARD failed to disclose the above, when they were legally and morally obligated to disclose the material facts concerning their Mesh product.

The Defendants DAVOL/BARD fraudulent actions to conceal their knowledge of their Mesh potential to fail show the deliberate indifference they had to my health care needs.

The Plaintiff Rodney M. Patton was also suffering from Mental Health issues in April of 2005, and was under the care of a physician with a diagnosis of Schizophrenia Disorder/ Paranoid Type. The Plaintiff was taking the following medications - Depakote, Celexa, and Abilify.

The Plaintiff Rodney M. Patton did "NOT" have knowledge that he had a injury and the Plaintiff could "NOT" assert any rights against the Defendants DAVOL/BARD at the time (April/2005) due to his Mental Health.

On October 25, 2021, the Plaintiff Rodney M. Patton was in the dayroom of the Special Treatment Center at Dixon C.C. when a t.v. commercial from Pintas & Mullins aired. This commercial gave the Plaintiff Discovery/Knowledge of the Hernia Mesh Lawsuit & Ligation - and it is at that moment that the Plaintiffs memory reflected that he had a surgery and injury.

The Plaintiff Rodney M. Patton had Discovery/Knowledge of his injury on October 25, 2021 and acted upon it at that moment. The Plaintiff contacted his Power of Attorney to file a claim on his behalf. (note: attached signup sheet) Illinois Discovery Rule applies here, and the statue of limitation starts. - Affidavit attached -

The Plaintiff Rodney M. Patton is seeking damages from the Defendants DAVOL/BARD, compensation for his injuries in the amount of $750,000.00, as well as costs of this litigation.

Respectfully Submitted,

RODNEY M. PATTON

RODNEY M. PATTON
Reg. No. #N-90674
2600 N. Brinton Ave.
Dixon, Illinois 61021